OLIN MATHIESON CHEMICAL CORPO-
RATION et al., Plaintiffs-Appellants-
Cross-Appellees,

v.

UNITED STEVEDORING DIVISION,
STATES MARINE LINES, INC., De-
fendant-Appellee-Cross-Appellant.

No. 29312.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1970.

Rehearing Denied Nov. 27, 1970.

B. D. McKinney, Houston, Tex., Jo-
seph D. Cheavens, Houston, Tex., for
plaintiffs - appellants - cross - appellees;
Baker, Botts, Shepherd & Coates, Hous-
ton, Tex., of counsel.

Ben L. Reynolds, E. D. Vickery, Hous-
ton, Tex., Royston, Rayzor & Cook, Hous-
ton, Tex., of counsel, for defendant-appel-
lee-cross-appellant.

Before GEWIN, MORGAN and
ADAMS,* Circuit Judges.

PER CURIAM:

This appeal involves a suit by Olin
Mathieson Chemical Corporation and its
subsidiary, Nilo Barge Lines (the barge
owner), against its stevedoring contrac-
tor, United Stevedoring Division of
United States Marine Lines, Inc. (the
stevedore), for indemnity arising out of

* Of the Third Circuit, sitting by designation.

injuries sustained by the stevedore's walking foreman. The foreman slipped and fell on the oil slick floor of the barge's engine room as he was undertaking to start an engine to close a hatch cover. The barge owner settled the foreman's claim in a separate suit in the state court for an agreed sum over and above the compensation lien.

The district court concluded that the conduct of the appellant barge owner was of such a nature as to preclude recovery of indemnity from the stevedore, even though the foreman breached the stevedore's warranty of workmanlike service. 317 F.Supp. 1373 (N.D.Tex.1970). After careful consideration of the contentions of the parties, it is our opinion that the barge owner has failed to demonstrate to us that the findings of fact by the district court are clearly erroneous or that the conclusions of law based upon such findings are impermissible.

The judgment is affirmed.